**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| BILLIE THOMAS | : CIVIL ACTION NO.: |
|        Plaintiff | : |
|    vs. | : |
| | : |
| GLOUCESTER COUNTY SPECIAL SERVICES SCHOOL DISTRICT | : |
| JAMES DUNDEE and SUSAN HEIKEN | : |
|       Defendants | : |
| | : |

_____

## COMPLAINT AND JURY DEMAND

### I.     INTRODUCTION

1.     Plaintiff, Billie Thomas, claims sums in excess of Three Hundred Thousand Dollars ($300,000) in damages against Defendants Gloucester County Special Services School District, James Dundee and Susan Heiken, and upon her causes of action, avers as follows.

2.     This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations of Plaintiff's rights under the United States Constitution, federal and state laws by the Defendants.

3.     This action arises under the Civil Rights Act, Title VII, 42 USC Section 2000e et seq., the Civil Rights Act Section 1981, and the New Jersey Law Against Discrimination, which prohibit discrimination in employment on the basis of race, and retaliation for engaging in protected activities and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, deliberate and intentional race discrimination and retaliation by the Defendants against Plaintiff.

### II.     JURISDICTION, VENUE AND PARTIES

4.     The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United

States of America.  This Court also has supplemental jurisdiction over the state law claims asserted in this action.

5.      The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C.  1391(c).

6.      Plaintiff has exhausted her administrative remedies under Title VII before bringing this civil action.  On July 11, 2024, the EEOC issued Plaintiff her right to sue regarding her Title VII claims. Attached hereto is a copy of the Right to Sue notice from the EEOC.

7.      Plaintiff is an African American woman who resides at 539 North Church Street, Moorestown, NJ 08057.

8.      Defendant, Gloucester County Special Services School District (hereinafter referred to as "GCSSSD") is an agency of Gloucester County, and is an employer as defined under Title VII of the Civil Rights Act, and at all times relevant to the issues in this case had its offices located at 1340 Tanyard Road, Sewell, NJ 08080.

9.      Defendant, James Dundee (hereinafter referred to as "Dundee") is a Caucasian male, adult individual and at all times relevant hereto was the Superintendent of GCSSSD.  Defendant Dundee is being sued in this action in his individual capacity only.

10.     Defendant Susan Heiken (hereinafter "Heiken") is a Caucasian female, adult individual and at all times relevant hereto was the Acting Superintendent of GCSSD, and she is being sued herein in her individual capacity.

III.            **BRIEF STATEMENT OF FACTS**

11.     Plaintiff was hired by Defendant, Gloucester County Special Services School District (GCSSSD) in or about June of 2019 as the Director of Special Projects, and as a tenure eligible (after 3 years and 1 day) employee.

12.     On April 1, 2023, the Gloucester County School District split into two entities, GCSSSD, and Gloucester County Institute of Technology (GCIT).

13.     GCIT/GCSSSD was a joint school district operating under the review of the NJ Department of Education with one Superintendent, Business Administrator, and Director of Human Resources.

14.     The last Superintendent of GCSSSD before the split was Michael Dicken.

15.     Frederick Keating, President of Rowan College of South Jersey (and father of Kathleen Monti, newly appointed Director of GCSSSD's Division of Educational Support Services (9/1/2023), was hired to conduct a study and make recommendations on the district.

16.     Of the recommendations he made included splitting the joint district into two independently operating school districts, each with its own Superintendent, Business Administrator, and Director of Human Resources.

17.     Upon the district's split on April 1, 2023, there were only two African American administrators remaining in GCSSSD, Plaintiff and Sybil Girard, principal of Bankbridge Regional Elementary School.

18.     Ms. Girard (b/f) was subjected to having information withheld from her by the Acting Superintendent of GCSSSD, Susan Heiken (w/f), (April1-July 31, 2023) and not informed of decisions and changes that would directly impact her.

19.     Ultimately Ms. Girard found out that the Gloucester County Board of Education (BOE) approved the structure designed by Defendant Dundee, new Superintendent from August 1, 2023, to present, and Susan Heiken, that demoted her to Assistant Principal.

20.     The only individual who would remain a principal in the district was, Ronald Ruetter, a Caucasian man.  A former GCSSSD colleague of Ms. Girad also advised her that Susan Heiken

requested that the individual should "find out dirt" on her.   Ms. Girard is no longer an employee of GCSSSD, having applied for and been hired as the principal of the vocational high school (GCIT).

21.     On September 1, 2023, the Division of Educational Support Services ("DESS") was created by GCSSSD, and the Special Projects Department (Plaintiff's department), the Department of Student Transportation, and the Non-Publics Department, were placed under DESS, and the supervision of Kathleen Monti, a Caucasian woman and daughter of Frederick Keating, who was promoted to the position of Director of DESS, without providing Plaintiff the equal opportunity to compete and be promoted to that position.  Ms. Monti was attending meetings that Plaintiff would normally be attending and introduced as the point of contact for GCSSSD's Special Projects Department.

22.     Plaintiff asserts that she was subjected to race discriminatory denial of the promotion to the Director of DESS that was awarded to Ms. Monti.

23.     Prior to the split of GCSSSD on April 1, 2023, the Assistant Superintendent, Brian Shakespeare, and Plaintiff employed a Program Manager, who reported to Plaintiff, at an annual salary of $55,000.

24.     Following the split of GCSSSD, Acting Superintendent Susan Heiken directed Allie Jones, the GCSSSD Director of Human Resources at the time, to reduce the salary of this Program Manager from $55,000 to $45,000 although the employee had already received two paychecks under the $55,000 salary.  Dr. Heiken did not advise or inform Plaintiff of her intention to take this action before she did.  Plaintiff learned of this action by Dr. Heiken from Ms. Jones after the fact. When Plaintiff attempted to address this action with Dr. Heiken, Dr. Heiken's response written on a post-it note that this had "already been decided."

25.     Also, prior to the split of the District, Plaintiff reported to Mr. Shakespeare that she had a difficult employee, Nichole Simmons-Graham reporting to Plaintiff with performance issues.

26.     Mr. Shakespeare and the HR Director, Ms. Jones, told Ms. Graham that she was placed on the non-contract renewal list. Ms. Graham had been on a Performance Improvement Plan ("PIP"), which she failed to complete successfully.

27.     However, after Mr. Shakespeare was assigned the GCIT Assistant Superintendent position, Dr. Heiken undermined Plaintiff's supervisory authority and directed Ms. Jones to remove Ms. Graham from the list of recommended non-renewals to be reviewed and voted on by the Board of Education for the upcoming contract year.  Dr. Heiken did not initiate discussion with Plaintiff as to why Ms. Graham was being recommended for non-renewal, or that she would not be presenting Ms. Graham's name to the BOE for non-contract renewal. Plaintiff was blindsided by Dr. Heiken's action.

28.     In or about May 2023, Acting Superintendent Susan Heiken withheld Plaintiff's travel request to attend a Migrant Education Program funded meeting from the BOE agenda for their review and approval without any discussion with Plaintiff.  It is a normal practice to submit memoranda to the BOE requesting approval for employees to travel to meetings and conferences.

29.     Also, in May 2023, Acting Superintendent Susan Heiken called Plaintiff on Plaintiff's office phone falsely accusing Plaintiff that Plaintiff had missed a scheduled meeting with her earlier that morning.  When Plaintiff advised her that she had not scheduled a meeting with Plaintiff and there must have been an error on her part, she sent an email falsely documenting that Plaintiff had missed a meeting with her. This was a false accusation against Plaintiff by Dr. Heiken.

30.     On July 10, 2023, Plaintiff advised Acting Superintendent Susan Heiken of a scheduled onsite visit by the NJ Department of Education to review the implementation of GCSSSD's summer program.  Dr. Heiken responded, "Have a great visit, Billie!" Two days later, on July 12, 2023, Plaintiff's efforts to meet with Dr. Heiken and Mr. Dundee in follow-up to the site-visiting and monitoring outcomes were ignored by both.

31.     In August 2023, GCSSSD Business Administrator Christopher Retzbach (Caucasian male) withheld Plaintiff's request to increase the amount paid to the YMCA, from $17,500 to $44,000, from the BOE agenda as he had initially told Plaintiff that he would, in addition to the fact that he accepted the signed memorandum from Plaintiff to submit to the Superintendent's office for review and preparation for the BOE report. However, Superintendent Dundee failed to put this request on the BOE meeting agenda.

32.     Defendants did not treat Plaintiff's Caucasian colleagues, Kathleen Monti, Lisa Lamb, Thomas Lombardo, Alyssa Valori, Jamie Gaetano and Dana Lamonica, in the same hostile, disparaging and condescending manner as they treated Plaintiff.

33.     In August 2023, Plaintiff was called into an unscheduled meeting with Kelly Tedesco, the new GCSSSD Director of Human Resources, and Kathleen Monti to address a personnel complaint of harassment and intimidation that had been filed against Nichole Simmons-Graham by Maria Mendoza.

34.     This was the type of on-going issues with Ms. Graham that previously led to Mr. Shakespeare and Plaintiff recommending for Ms. Graham's non-contract renewal that Dr. Heiken removed from the BOE agenda.  Dr. Heiken undermined Plaintiff's supervision of an employee under her supervision. Dr. Heiken did not treat Plaintiff's Caucasian colleagues in the same manner.

35.     On September 25, 2023, Plaintiff received an email from Defendant Dundee, at 1:25 p.m. indicating that he wanted to meet with Plaintiff at 2:00 p.m. to discuss Plaintiff's program.

36.     Plaintiff responded to Defendant Dundee at approximately 1:45 p.m., to which he advised Plaintiff that Christopher Retzbach, Business Administrator, and Kathleen Monti, Director of Educational Support Services, would attend this meeting.

37.     Within two minutes of Plaintiff arriving in his office, Dundee advised Plaintiff that he was placing Plaintiff out on administrative leave with pay as "they" were advised by the district's attorney to launch an investigation into irregularities in McKinney-Vento Program spending. Plaintiff was cut-off all contacts to all District issued devices and technology, prohibited from having contact with any GCSSSD employees outside of HR Director Ms. Tedesco and excluded from being present on any GCSSSD properties, function and activities.

38.     Upon the conclusion of the meeting with Mr. Dundee, Mr. Retzbach, and Ms. Monti, on September 25, 2023, Plaintiff went to her office and compiled all her personal belongings.  She did so until approximately 6:15 p.m., left the building and has not returned to her office since then.

39.     In a follow-up letter by Mr. Dundee to Plaintiff on September 27, 2023, he made false allegations that Plaintiff returned to her office on September 26, 2023, and indicated that this administrative leave was a disciplinary action.

40.     On or about October 4, 2023, Plaintiff contacted the New Jersey Division of Civil Rights and filed a complaint of race and color discrimination against Defendants.

41.     On November 1, 2023, Plaintiff withdrew her NJ DCR complaint and filed an EEOC charge of race discrimination against Defendants.

42.     Defendant Dundee was made aware of Plaintiff's EEOC Charge.

43.     On December 22, 2023, Defendants filed their position statement to Plaintiff's EEOC

Charge. In their position statement, Defendant made further false allegations against Plaintiff.

For example, Dr. Heiken's allegation that Plaintiff did not "correctly file and submit grant

applications", is grossly inaccurate.

44.     On January 27, 2024, Plaintiff filed her rebuttal to Defendants' position statement with

the EEOC.

45.     On March 13, 2024, Defendant Dundee recommended that Plaintiff's employment should

be terminated by the Board.

46.      On Friday, March 15, 2024, Plaintiff was served with a termination letter by Defendants.

47.     Plaintiff asserts that Defendants subjected her to race discriminatory practices.

48.     Plaintiff further asserts that she was subjected to retaliatory termination of her

employment by Defendants on March 15, 2024, because she engaged in protected activities

under Title VII, Section 1981 of the Civil Rights Act and the NJ LAD.


IV                          **STATEMENT OF CLAIM**

            **COUNT ONE- TITLE VII VIOLATION–RACE DISCRIMINATION**
                        **Plaintiff v. GCSSSD Only**

49.     Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 47

above as if same were fully set forth at length herein.

50.     The acts and conducts of Defendant GCSSSD through its officers, administrators,

supervisors and officials as stated above where Plaintiff was subjected to race discriminatory

practices, hostile work environment and discriminatory termination, were violations of Title VII

of the Civil Rights Act, 42 U.S.C. Section 2000e, et seq.

8

51.     As a direct and proximate result of the said discriminatory practices of Defendant GCSSSD in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT TWO- TITLE VII VIOLATION- RETALIATION
### Plaintiff v. Defendant GCSSSD Only

52.     Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 51 above as if same were fully set forth at length herein.

53.     The acts and conducts of Defendant GCSSSD through its administrators, officers, supervisors and officials as stated above where Plaintiff was subjected to retaliatory investigation and termination of her employment because she engaged in protected activities under Title VII was violation of the statute.

54.     As a direct and proximate result of the said retaliatory acts and conducts of the Defendant in violation of this statute, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT THREE- NJ LAD–RACE DISCRIMINATION
### Plaintiff v. ALL DEFENDANTS

55.     Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 54 above as if same were fully set forth at length herein.

56.     The acts and conducts of Defendant GCSSSD through its officers, administrators, supervisors and officials as stated above where Plaintiff was subjected to race discriminatory practices, hostile work environment, and race discriminatory termination of employment were violations of the New Jersey Law Against Discrimination ("NJ LAD").

57.     Defendants James Dundee and Suan Heiken aided and abetted the violation of this statute and Plaintiff's rights to be free from race discriminatory practices.

58.     As a direct and proximate result of the said discriminatory practices of Defendants in violation of the NJ LAD, Plaintiff has sustained loss of wages and earnings, loss of benefits, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT FOUR- NJLAD VIOLATION –RETALIATION
### Plaintiff v.  All Defendants

59.     Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 58 above as if same were fully set forth at length herein.

60.     The acts and conduct of Defendants as stated above where Plaintiff was subjected to retaliatory investigation and employment termination because she engaged in protected activities under the New Jersey Law Against Discrimination was violation of the New Jersey Law Against Discrimination.

61.     Defendants James Dundee and Susan Heiken aided and abetted the violation of this statute and Plaintiff's right to be free from retaliatory actions because she engaged in protected activities under this statute.

62.     As a direct and proximate result of the said retaliatory practices by Defendants in violation of NJLAD, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, front pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT FIVE- SECTION 1981 VIOLATIONS
### Plaintiff v Defendants

63.     Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 62 as

10

ifsame were fully set forth at length herein.

64.     The acts and conducts of Defendants as stated above where Plaintiff was subjected to race discriminatory practices, hostile work environment, and race discriminatory termination of employment were violations of Section 1981 of the Civil Rights Act ("Section 1981").

65.     As a direct and proximate result of the said discriminatory practices of Defendants in violation of Section 1981, Plaintiff has sustained loss of wages and earnings, loss of benefits, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

**COUNT SIX- SECTION 1981 VIOLATION –RETALIATION**
**Plaintiff v.  All Defendants**

66.     Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 65 above as if same were fully set forth at length herein.

67.     The acts and conduct of Defendants as stated above where Plaintiff was subjected to retaliatory investigation and employment termination because she engaged in protected activities under Section 1981 was violation of Section 1981 of the Civil Rights Act.

68.     As a direct and proximate result of the said retaliatory practices by Defendants in violation of Section 1981, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, front pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendants and request that this Honorable Court:

A.      Enter judgment against Defendants for back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, compensatory damages, punitive damages, attorneys' fees and expert witness fees as permitted by law; and

11

B.  Award such other relief, as the Court may deem necessary and just, including but not limited to an Order to make whole.

C.  Declaring that the acts and practices complained of herein violate Title VII of the Civil Rights Act protection against race discrimination and retaliation for engaging in protected activities based on race.

D.  Declaring that the acts and practices complained of herein violate Section 1981 of the Civil Rights Act protection against race discrimination and retaliation for engaging in protected activities based on race.

E.  Declaring that the acts and practices complained of herein violate the New Jersey Law Against Discrimination protections against race discrimination and retaliation for engaging in protected activities based on race and gender.

F.  Enjoining and restraining the acts and practices of Defendants complained of herein.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.


*/s/ Olugbenga O. Abiona*

_____

Olugbenga O. Abiona, Esquire
P.O. Box 3326
Cherry Hill, NJ 08034
(215) 833-8227
Attorney Id: 017281989
Attorney for Plaintiff

Dated: August 29, 2024

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/11/2024

**To:** Billie Thomas
539 North Church Street
Moorestown, NJ 08057
Charge No: 530-2024-00968

EEOC Representative and #:          Legal Unit

(267) 589-9707

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 530-2024-00968.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
07/11/2024
Karen McDonough
Deputy District Director

**Cc:**
Amber Obrien
Capehart Scatchard
8000 Midatlantic Drive Suite 300S
Mount Laurel, NJ 08054

Sanmathi Dev
8000 MIDATLANTIC DR STE 300S
Mount Laurel, NJ 08054

Olugbenga O Abiona Esq.
ABIONA LAW PLLC
121 South Broad Street Suite 1200
Philadelphia, PA 19107


Please retain this notice for your records.